Case No: **6:13-CV-239-WSS-JCM**

| | | |
|---|---|---|
| LARRY WATKINS, | § | IN THE UNITED STATES |
| An individual | § | DISTRICT COURT |
| Plaintiff, | § | |
| | § | FOR THE WESTERN DISTRICT |
| v. | § | OF TEXAS WACO DIVISION |
| EXPERIAN INFORMATION SOLUTIONS, | § | |
| INC. & TRANSUNION, LLC. | § | |
| Defendant(s). | | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Larry Watkins, Plaintiff, hereby respectfully submits the following Memorandum of Law in support of Plaintiff's Motion for Summary Judgment.

The Motion at issue, and reasons the Plaintiff is asking the Court to order the Defendant to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681i(a)(5)(A)(i) and promptly delete all of the items on the Plaintiff's credit report that the Plaintiff disputed and that the Defendant failed to verify as well as to award damages to the Plaintiff for non compliance of other FCRA requirements that are set out in this Memorandum of Law, and Plaintiff's Motion for Summary Judgment.

### I) BACKGROUND

This case involves a Plaintiff consumer who alleged that the defendant credit reporting company willfully or negligently violated the Fair Credit Reporting Act (FCRA), 15 U.S.C.S. § 1681 et seq. Plaintiff seeks to hold Defendant liable for the following:

1) Failure to disclose to Plaintiff upon request all of the information in its file on the consumer, as required by FCRA § 1681g;

2) Refusing to furnish the information provider with a copy of the Plaintiff's dispute letter requesting copies of the documents used to verify the accuracy of the disputed items, as required by FCRA § 1681i(a)(2);

3) For repeatedly on 5 separate occasions refusing to delete the disputed items on Plaintiff's credit report that Defendant was unable to verify as required by FCRA § 1681i(a)(5)(A)(i).

Plaintiff alleges that he has suffered and will continue to suffer actual damages from the lost opportunity to obtain a low interest car loan and his resulting worry, distress, frustration, embarrassment, and humiliation of spending months trying to get the Defendant to comply with the FCRA and delete all of the unverified disputed items from his credit report.

## II. SUMMARY JUDGMENT STANDARD Of REVIEW

The Court will grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (a) & (c). **See** *Ruiz v. Whirlpool, Inc.*, 12 F.3d 510, 513 (5th Cir. 1994); Washington Mutual Ins. V. United States, No. 09-36109, 2011 WL 723101, at *8 (9th Cir. Mar. 3, 2011).

Under proper circumstances, awarding summary judgment is favored in the federal courts: "Summary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." **See:** *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986) (footnote omitted).

If the movant carries its burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *Celotex*, 477 U.S. at 324. A party opposing summary judgment must go beyond the pleadings and "set forth specific facts" revealing a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Matsushita Elec.Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Ruiz*, 12 F.3d at 513. A party opposing summary judgment may not rest on mere conclusory allegations or denials in the pleadings. Fed. R. Civ. P. 56(e); *see also Hightower v. Texas Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995).

### III ) FACTS:

Plaintiff was getting ready to purchase a car so he requested a copy of his credit report from the Defendant. Summarily, Plaintiff alleges that Defendant violated the FCRA on five or more separate occasions when Defendant failed to remove from his credit report a number of disputed accounts that the Defendant could not verify the accuracy of. Plaintiff also alleges that the Defendant violated the FCRA on multiple occasions by failing to conduct a reasonable investigation into the accuracy of the disputed items and also for not providing the information provider with a copy of the Plaintiff's dispute letter where he was specifically asking for copies of the documents that were used to verify the accuracy of the disputed accounts.

Plaintiff asked the Defendant on five separate occasions to produce copies of all of the documents that they had in their file that they used to verify the accuracy of the disputed items. 15 U.S.C. § 1681g(a)(1) of the FCRA gives the Plaintiff the right to ask for this information. Plaintiff failed to produce any documents that they used to verify the accuracy of the disputed items.

Plaintiff also served Defendant with Discovery requests asking them to produce copies of the documents that they used to verify the accuracy of the disputed items on Plaintiff's credit report but the undisputed facts show that the Defendant did not respond to any of the Plaintiff's Discovery requests.

> Black's Law Dictionary, 9th Edition, 2009, defines "Verify" as,
> 1) "To prove to be true; to confirm or establish the truth or truthfulness of; <u>to authenticate</u>."
> 2) "to confirm or substantiate by oath or affidavit; to swear to the truth of." and "Verification" as, "Confirmation of correctness, truth or authenticity, by affidavit, oath, or deposition. Affidavit of truth of a matter stated and object of verification is to assure good faith in averments or statements of a party."

The undisputable facts of the case clearly show that the Defendant did not have any documents in their files concerning the disputed accounts yet they claimed that they verified the accuracy of all of the disputed accounts. How is that possible? They obviously lied. They did not verify any of the disputed accounts and under 15 U.S.C. § 1681i(a)(5)(A)(i) of the FCRA they were required to remove all of the disputed accounts they could not verify within 30 days.

## IV) LAW & ARGUMENTS:

### A) DEFENDANT VIOLATED 15 U.S.C. § 1681g

15 U.S.C. § 1681g(a) states in relevant part that "[e]very consumer reporting agency shall, upon request, . . . clearly and accurately disclose to the consumer: (1) *All information* in the consumer's file at the time of the request." (emphasis added). The FCRA defines "file" when used in connection with information on any consumer, as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g). Congress clearly intended the protections of the FCRA to apply to all information furnished or that might be furnished in a consumer report. *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007). Moreover, as the

court in *Gillespie* noted, "'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Id.* (quoting 16 C.F.R. pt. 600, app. § 603)

Plaintiff's requested copies of the documents in the Defendant's file that they used to verify the disputed items on 5 separate occasions. Defendant did not send the Plaintiff any documents in response to any of Plaintiff's five dispute letters. **See**: ***Affidavit of Larry Watkins, page 3, paragraph 11.*** Plaintiff also served Defendant with Requests for Production of Documents asking Defendant to produce copies of all of the documents in the Defendant's files that they used to verify the disputed items. The Defendant ignored Plaintiff's discovery requests including, Request for Admissions, Interrogatories and Request for Production of Documents. Plaintiff has never received any documents from his files at the credit bureau from the Defendant. **See**: ***Affidavit of Larry Watkins, page 4, paragraphs 14.***

## B) <u>DEFENDANT VIOLATED SECTION 15 U.S.C. § 1681i(a)(1)(A) of the FCRA</u>

Section 1681i(a)(1)(A) of the FCRA provides, in pertinent part, that where a consumer notifies a credit reporting agency that information contained in his or her report may be inaccurate, the credit reporting agency must conduct a valid reinvestigation. If the reinvestigation reveals that the information is inaccurate <u>or cannot be verified</u>, the credit reporting agency <u>must promptly delete the information</u>.

The Defendant argues in their defense that the statute requires a credit reporting agency only to confirm the accuracy of the information with the original source of information, but imposes no mandate on the agency to take additional steps to confirm the accuracy of the disputed information. It is obvious, from the actions of the Defendant in this case, that their reinvestigation policy is to only ask the original information provider via

electronic messaging if the file is in their records and of coarse the information provider responds back electronically, yes it is. Neither the credit reporting agency nor the information provider looks at any documents to verify the accuracy of the disputed item.

The Defendant admitted that their policy is based on the premise that they are not responsible for having to verify any disputed items. They parrot what ever the information provider tells them. The Defendant admitted to this fact when Plaintiff's ***Request for Admissions Nos. 15 was deemed admitted***.

The Defendant knows that their reinvestigation policy is in violation of the FCRA considering that their expert legal staff most certainly are aware that the majority of courts in the last two decades have held that section 1681i(a) requires a credit reporting agency to verify the accuracy of its initial source of information and not to just parrot what the original information provider tells them. See, ***Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997); Henson, 29 F.3d at 286-87; Stevenson, 987 F.2d at 293.*** The burden to conduct the reinvestigation is on the credit reporting agency. It cannot be shifted back to the consumer. ***Id. At 225.*** Furthermore, the Courts have ruled that as part of the credit reporting agency's reinvestigation, they must provide the original information provider with the consumer's dispute. They're not supposed to read the dispute letter and give it a 2-digit category code and electronically send that code to the information provider. **15 U.S.C. § 1681i(a)(2).** The notice to the information provider ***"shall include all relevant information regarding the dispute that the agency has received from the consumer."*** Id.

The Defendant's argument that the FCRA never requires it to go beyond verifying the information with the original source was rejected by the Third Circuit in 1997, in ***Cushman v. Trans Union Corp., 115 F.3d at 225***, a case in which Trans Union made the same argument the Defendant now makes. There is nothing in the FCRA statute, legislative

history or current case law that supports Defendant's policy that allows them to parrot the original source of information's response to the disputed item. Under the circumstances the Defendant's reinvestigation policy clearly defies Federal law which shows their blatant disregard for the laws that regulate their business practices.

Courts consistently have applied Cushman's requirement that consumer credit reporting agencies are required to go beyond the original source's response to the disputed item. See: e.g., **Krajewski v. Am. Honda. Fin. Corp., 557 F. Supp. 2d 596, 616 (E.D. Pa. 2008); Crane v. Trans Union, L.L.C., 282 F. Supp. 2d 311, 320 (E.D. Pa. 2003); Lawrence v. Trans Union, L.L.C., 296 F. Supp. 2d 582, 589 (E.D. Pa. 2003); Evantash v. Chase Manhattan Bank, U.S.A., N.A., No. 02-1188, 2003 WL 22844198, at *5 (E.D. Pa. Nov. 25, 2003)**. Indeed, the Third Circuit recently confirmed that a reasonable reinvestigation **Cortez v. Trans Union, LLC, Nos. 08-2465, 08-2466, 2010 WL 3190882, at *16 (3d Cir. Aug. 13, 2010) (citing Cushman, 115 F.3d at 225).**

Not withstanding the Defendant's defense contrary to the current law noted above, they had an obligation to look beyond the original source of information's hearsay verification. They not only failed to do so they willfully refused to do so.

### C) DEFENDANT VIOLATED SECTION 15 U.S.C. § 1681i(a)(2) of the FCRA

As discussed above the Defendant not only didn't do a valid reinvestigation they also did not forward a copy of the Plaintiff's dispute letters, that requested copies of the documents that they used to verify the accuracy of the disputed items, to the information provider during their reinvestigation despite their duty to send all "relevant information regarding the dispute" received from the consumer to the information provider as required under 15 U.S.C. § 1681i(a)(2). This is an undisputed fact. The Defendant admitted to this fact when the Plaintiff's *Request for Admissions Nos. 4, Nos. 5 and Nos. 12 were deemed*

*admitted*. Based on this undisputed evidence it is clear that the Defendant negligently and willfully failed to comply with the Federal law **15 U.S.C. § 1681i(a)(2).**

### D) DEFENDANT VIOLATED SECTION 15 U.S.C. § 1681i(a)(5)(A)(i) of the FCRA

Black's Law Dictionary, 9th Edition, 2009, defines **"Verify"** as, 1) "To prove to be true; to confirm or establish the truth or truthfulness of; to authenticate." 2) "to confirm or substantiate by oath or affidavit; to swear to the truth of." and **"Verification" as,** "Confirmation of correctness, truth or authenticity, by affidavit, oath, or deposition. Affidavit of truth of a matter stated and object of verification is to assure good faith in averments or statements of a party."

What this means is that the Defendant must be willing and able to produce a document from their files that proves the account(s) in dispute belong to the Plaintiff and the information being reported is accurate.

The undisputed facts in this case clearly show that the Defendant does not have any documents in their possession that verify the accuracy of any of the accounts disputed by the Plaintiff. The Defendant admitted to this fact when Plaintiff's Request for Admissions Nos. 2, Nos. 7, Nos. 8, Nos. 10, Nos. 11, Nos. 12, Nos. 13 and Nos. 14 were deemed admitted. Based on this undisputed evidence it is clear that the Defendant negligently and willfully failed to comply with the Federal law **15 U.S.C. § 1681i(a)(5)(A)(i)** and based on this undisputed evidence this Court should order them to immediately delete all of the unverified items that the Plaintiff disputed and that are listed in his Dispute Letter #5 and labeled Exhibit "E". *See* 15 U.S.C. § 1681i(a)(5)(A)(i) (if after a reinvestigation a consumer reporting agency can not verify the information, it must delete the item); See: *Cortez v. Trans Union, LLC, Nos. 08-2465, 08-2466, 2010 WL 3190882, at \*16 (3d Cir. Aug. 13, 2010)*

(citing *Cushman, 115 F.3d at 225).*, 2010 WL 3190882, at *6 *("Trans Union controls the information it places on a consumer's credit report.").*

### E) PLAINTIFF IS ENTITLED TO BOTH STATUTORY DAMAGES & DAMAGES FOR EMOTIONAL DISTRESS

The Defendant has willfully violated at least 3 FCRA regulations on multiple disputed items on 5 separate occasions. 15 U.S.C. §1681 (n) provides that any person who willfully fails to comply with any requirement imposed under §1681(n) is liable to the consumer for damages of not less than $100 and not more than $1,000 for each occurrence. Accordingly the Plaintiff, is entitled to recover statutory damages determined by this Court.

15 U.S.C. §1681(n) provides that the cost of the action as determined by the court are also recoverable by the plaintiff. Plaintiff is also entitled to damages suffered in connection with his efforts to correct the error in Defendant's credit report. See *Cortez*, 2010 WL 3190882, at *22 ("Time spent trying to resolve problems with the credit reporting agency may also be taken into account."); See: *Sheffer v. Experian Solutions, Inc.*, No. 02-76404, 2003 WL 21710573, at *3 (E.D. Pa. July 24, 2003) (plaintiff may be entitled to damages for emotional distress suffered in connection with trying to correct the error). Actual damages may include out-of-pocket expenses to file all of the disputes and to file this lawsuit and motions, damages for injury to reputation and creditworthiness and for humiliation or mental distress. See *Fischl v. General Motors Acceptance Corp.*, 708 F.2d 143, 151 (5th Cir. 1983).

Furthermore, an FCRA plaintiff need not state his/her emotional damages with particularity. See: *Philbin v. TransUnion Corp.*, 101 F.3d 957, 963 n. 3 (3d. Cir. 1996). Humiliation and embarrassment are cognizable injuries under the FCRA; and there is no requirement that a plaintiff provide corroborating evidence or medical testimony in support of an award of damages. See: *Cortez*, 2010 WL 3190882, at 22 (citations omitted). Thus,

Plaintiff is entitled to recover for humiliation and embarrassment even if he had incurred no out-of-pocket expenses for these damages. *Id.*

### F) PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES

Under 15 U.S.C. §1681(n) Plaintiff is entitled to recover such amount of "punitive damages" as the court may allow. Any person who willfully fails to comply with any requirement of the FCRA may be liable for punitive damages. *15 U.S.C. § 1681n.* To establish willful noncompliance, a plaintiff must prove that the defendant "'knowingly and intentionally committed an act in conscious disregard for the rights of others' but need not show 'malice or evil motive.'" *Cushman*, 115 F.3d at 226 (quoting *Philbin*, 101 F.3d at 970). Reckless disregard of an FCRA requirement qualifies as a willful violation. See: *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 71 (2007). The Defendant's actions and non actions in this case plus the undisputed facts in this case whereby the Defendant admitted that they willfully violated the terms of the FCRA. See: ***Defendant's Admissions Deemed Admitted, Request #14.*** Furthermore, the Defendant has been involved in enough lawsuits where the Courts have ruled that they cannot just parrot what the information provider tells them as their policy used to verify the accuracy of a disputed account. They know better and even though the Courts have warned them in the past they continue to willfully and blatantly ignore the laws that regulate their business practices. They have to be taught a lesson.

Under section 1681n, which provides for civil liability for willful noncompliance with the FCRA the Third Circuit held that a plaintiff may present a section 1681n claim if he can show that a credit reporting agency adopted a reinvestigation policy with knowledge that the policy violates consumer rights under the FCRA, or with reckless disregard to whether its policy violated those rights. See: Cushman, 115 F.3d at 227. The facts in this case clearly show that the Defendant's reinvestigation policy violates a consumer's rights under the

FCRA. See: Defendant's Admissions Deemed Admitted, Request #15. Section 1681i(a)(2) specifically states that a consumer reporting agency has a duty to forward all "relevant information" that it receives from the consumer to the original source of the dispute. 15 U.S.C. § 1681i(a)(2). Despite this mandate, Defendant's policy is not to forward any information it receives from any consumer disputing information in their credit report. *Newnom Trial Tr.* at 98. Further, the statute clearly states that a consumer reporting agency must delete or modify any information included on a credit report that it cannot verify. 15 U.S.C. § 1681i(a)(5)(A)(i). They did not remove any of the unverified disputed items from Plaintiff's credit report.

It is not unreasonable for this Court to conclude that the Defendant willfully and recklessly violated the FCRA by doing nothing more than *"parroting information"* it received from the information providers even though they knew they were in violation of the FCRA. **Cushman, 115 F.3d at 225** (*"[A] 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."*); *Campbell v. Chase Manhattan Bank, USA, N.A., No. 02-3489, 2005 WL 1514221*, at *16 (D.N.J. June 27, 2005) (*parroting information received from original source may be considered a willful violation of the FCRA*).

## CONCLUSION

For the reasons set forth herein and herewith Plaintiff prays that this Court orders the Defendant to immediately remove all of the items that Plaintiff disputed that are listed on his 5th dispute letter marked as Exhibit "E". Plaintiff also prays that this Court will order the Defendant to pay statutory damages, emotional damages and also punish the Defendant for blatantly not complying with the FCRA they are supposed to adhere to by ordering them to pay punitive damages in an amount that will make them think twice before treating another

consumer like they have treated the Plaintiff and for court costs and any other reasonable fees that this court deems just and proper.

Dated this 21st day of October, 2013.

Respectfully submitted and signed by

Larry Watkins
401 E. 14TH Street
Belton, TX 76513
(254) 421-3048

*Larry Watkins*