UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LARRY WATKINS,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br><br>    Defendant. | CASE NO. 6:13-CV-239-WSS-JCM |

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
### MOTION TO COMPEL

Defendant Experian Information Solutions, Inc. ("Experian") moves to compel Plaintiff Larry Watkins ("Plaintiff") to comply with Experian's written discovery requests as follows:

### I. PROCEDURAL BACKGROUND

On January 17, 2014, Experian served the Plaintiff with its First Set of Interrogatories, First Requests for Admission, and First Requests for Production, attached as Exhibit A. The Plaintiff failed to respond within the deadlines imposed by the applicable Federal Rules of Civil Procedure.

Knowing the Plaintiff was pro se, Experian gave the Plaintiff extra time to respond to its requests. After several attempts at contacting the Plaintiff, Experian's counsel finally got in contact with the Plaintiff on March 3, 2014. After speaking to the Plaintiff on the phone, Experian's counsel resent Experian's discovery requests via e-mail. During these conversations, Experian's counsel discussed the abbreviated discovery period and Experian's need to receive the Plaintiff's responses and schedule the Plaintiff's deposition.

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
MOTION TO COMPEL – Page 1
DLI-6477652v1

On March 26, 2014, more than a month after they were due, the Plaintiff responded to Experian's requests, attached as <u>Exhibit B.</u> The Plaintiff failed to provide meaningful responses to almost any request, alternating between frivolous objections and claims that Experian should provide the answer. For example, the Plaintiff objected to all 29 of Experian's Requests for Production because they are "requesting documents." *See* Exhibit B.

The Plaintiff's other "responses" contain similar non-answers. Rather than respond to simple questions—e.g. Request for Admission #10 "Admit that Plaintiff has an account with Bank of America"—the Plaintiff used a boilerplate response that neither admits nor denies. *See* Exhibit B. These boilerplate responses, used for almost every request, conclude that "[i]t is impossible to answer this request without the Defendant producing the documents in their [sic] files that they [sic] used to verify the accuracy of the account subject to this discovery request."

Not only do these boilerplate responses fail to recognize that the Plaintiff, not Experian, is in the best position to know whether the Plaintiff has an account with a bank, but also the Plaintiff appears to have pulled these responses from some other source and used them to frustrate the discovery process. For example, the boilerplate responses include language that "Plaintiff found a number of items on *her* credit report that *she* believed were inaccurate." *See* Exhibit B (emphasis added). The Plaintiff, who brought the lawsuit, is not participating in the litigation. While Experian is cognizant that the Plaintiff is pro se, he must still follow the Rules of Civil Procedure, and he must fully participate in the litigation. The Plaintiff does not appear to understand the processes and obligations required for parties. Back in October of 2013, even before the Court entered a scheduling order, the Plaintiff filed a motion for summary judgment.

On March 31, 2014, counsel for Experian conferred with the Plaintiff regarding the deficiencies in his responses to Experian's discovery requests. The Plaintiff was non-committal

on whether his responses were insufficient, but he agreed to review his responses. Counsel for Experian requested him to at a minimum inform Experian whether he would supplement his responses by the end of business on April 1st. Experian's counsel followed the phone conversation with an e-mail summarizing the phone conversation and again asking for the Plaintiff's available deposition dates. As of the filing of this motion, the Plaintiff has not responded. Experian's counsel again e-mailed the Plaintiff on April 3rd before filing this motion.

Experian respectfully requests the Court to compel the Plaintiff to provide complete and adequate responses to Experian's discovery requests. Under the scheduling order, the discovery deadline closes on April 14, 2014. If the Court finds the Plaintiff's responses deficient and requiring supplementing, Experian respectfully requests an extension to the discovery deadline so Experian can receive the Plaintiff's responses during the discovery period in case similar issues remain.

WHEREFORE, Experian requests that Plaintiff's objections be overruled and that Plaintiff be required to fully and completely respond to Experian's Interrogatories, Requests for Production, and Requests for Admission within (10) days.

Dated: April 3, 2014

Respectfully submitted,

/s/ Mark J. Tindall
Mark J. Tindall
TX State Bar No. 24071364
JONES DAY
2727 N. Harwood Street
Dallas, Texas 75201
mtindall@jonesday.com
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

*Attorney for Defendant
Experian Information Solutions, Inc.*

## CERTIFICATE OF CONFERENCE

Counsel for Experian Information Solutions, Inc. corresponded with the Plaintiff regarding the deficiencies in his responses to Experian's discovery requests in an effort to resolve the matter on the 3rd, 19th, and 31st of March, 2014, and on the 3rd of April. The Plaintiff did not agree to supplement his responses. Although Experian had hoped the Plaintiff would resolve these deficiencies without Court intervention, Experian is filing this motion to preserve its ability to compel adequate and complete responses within the Court's Scheduling Deadline's discovery period.

/s/ Mark J. Tindall
Mark J. Tindall

## Certificate of Service

I hereby certify that on this 3rd day of April 2014, a true and correct copy of the foregoing document will be served on all counsel of record pursuant to federal and local rules of procedure.

/s/ Mark J. Tindall
Mark J. Tindall